IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID DUANE PARKER,

       Petitioner,                      No. CIV S-02-1470 GEB JFM P

   vs.

D. RUNNELS, et al.,

       Respondents.               FINDINGS AND RECOMMENDATIONS

                            /

       Petitioner is a state prisoner proceeding pro se with an application for writ of habeas corpus. Judgment was entered on October 25, 2005, denying petitioner habeas relief. On November 14, 2005, petitioner filed a document entitled "Application for Reconsideration," which he signed on November 9, 2005. Because petitioner filed his request more than ten court days after judgment was entered, this court construes petitioner's application as a motion pursuant to Fed. R. Civ. P. 60(b) to set aside the judgment.[1] This action was denied on the merits. Petitioner seeks to have the judgment vacated.

---

[1] The Federal Rules of Civil Procedure may apply to any habeas corpus proceeding "to the extent that they are not inconsistent with any statutory provisions" or the Rules Governing Section 2254 Cases in the United States District Courts. Rule 11, 28 U.S.C. foll. § 2254.

1

1   Rule 60(b) of the Federal Rules of Civil Procedure provides in relevant part:

2   On motion and upon such terms as are just, the court may relieve a
    party or a party's legal representative from a final judgment, order,
3   or proceeding for the following reasons: (1) mistake, inadvertence,
    surprise, or excusable neglect; (2) newly discovered evidence
4   which by due diligence could not have been discovered in time to
    move for a new trial under Rule 59(b); (3) fraud (whether
5   heretofore denominated intrinsic or extrinsic), misrepresentation,
    or other misconduct of an adverse party; (4) the judgment is void;
6   (5) the judgment has been satisfied, released, or discharged, or a
    prior judgment upon which it is based has been reversed or
7   otherwise vacated, or it is no longer equitable that the judgment
    should have prospective application; or (6) any other reason
8   justifying relief from the operation of the judgment. The motion
    shall be made within a reasonable time, and for reasons (1), (2),
9   and (3) not more than one year after the judgment, order, or
    proceeding was entered or taken.

10

11  Fed. R. Civ. P. 60(b); see also Rule 11, 28 U.S.C. foll. § 2254.  Relief under exception 6 above

12  requires a finding of "extraordinary circumstances."  Twentieth Century-Fox Film Corp. v.

13  Dunnahoo, 637 F.2d 1338, 1341 (9th Cir.1981).

14  Petitioner contends that his "mere association with co-defendant Jameel Coles

15  cannot subject [petitioner] to criminal liability or transform him into a perpetrator,"and that

16  petitioner's "mere presence at the scene, which does not itself assist the commission of the crime,

17  does not amount to aiding and abetting." (Petr.'s App. at 3.)  However, as noted in the August

18  22, 2005 findings and recommendations, there was evidence petitioner's role in this crime

19  exceeded aiding and abetting:  each witness "testified it was petitioner who first knocked the

20  victim unconscious, planned to take the victim's van, drove the victim's van to a remote area

21  where he was murdered, and took part in disposing of the victim's property.  (RT 403, 576, 772,

22  992, 1003.)" (August 22, 2005 Findings and Recommendations at 19-20.)

23  Respondent correctly points out that the cases petitioner cites in support of his

24  request are not new.  In addition, those cases are not on point herein because petitioner was not

25  found guilty based on a theory of mere presence at the scene of the crime or by his association

26  with Jameel Coles.

A review of plaintiff's case indicates that it does not meet any of these exceptions.[2] Thus, petitioner has not met the substantive showing required by Fed. R. Civ. P. 60(b)(1) to warrant relief from the final judgment entered in this action.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that petitioner's November 14, 2005, application for reconsideration, construed as a motion to vacate judgment, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 21, 2005.

UNITED STATES MAGISTRATE JUDGE

1; park1470.60b

---

[2] In his declaration, petitioner argues that the court took into consideration unsupported facts that were not part of the record. He contends that the statement "Petitioner's fingerprints were found in the van," (August 22, 2005 Findings and Recommendations at 21) is an incorrect statement. A review of the record demonstrates that this statement is incorrect. The statement should read, "Petitioner fingerprints were found in Cole's car." However, petitioner's guilt hinged on the testimony of his co-perpetrators of the crime. The location of petitioner's fingerprints was not critical to this court's analysis herein.