IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID DUANE PARKER,

    Petitioner,               2:02-cv-1470-GEB-JFM-P

    vs.

D. RUNNELS, et al.,

    Respondents.            <u>ORDER</u>

                                  /

        Petitioner is a state prisoner proceeding pro se with an application for writ of habeas corpus. This matter is before the court on petitioner's motion for a certificate of appealability and notice of appeal.

        This action commenced in July 2002 and proceeded to judgment on the merits of the claims raised in petitioner's amended petition. Judgment was entered on October 25, 2005. On November 14, 2005, petitioner filed a document entitled "Application for Reconsideration," which he signed on November 9, 2005. This application was filed 14 days after entry of judgment. <u>See</u> Fed. R. Civ. P. 6(a).[1] Because petitioner filed his request more than ten court days after judgment was entered, the court construed petitioner's application as a motion

---

[1] The Federal Rules of Civil Procedure may apply to any habeas corpus proceeding "to the extent that they are not inconsistent with any statutory provisions" or the Rules Governing Section 2254 Cases in the United States District Courts. Rule 11, 28 U.S.C. foll. § 2254.

1

pursuant to Fed. R. Civ. P. 60(b) to set aside the judgment.[2]

Petitioner had thirty days from that date in which to file an appeal, or November 25, 2005.  Fed. R. App. P. 4(a)(1)(A).  Petitioner could have moved to extend his appeal time within thirty days after his time to appeal expired, or by December 25, 2005.

Petitioner did not appeal the judgment, choosing instead to file an application for reconsideration under Fed. R. Civ. P. 60(b) on November 14, 2005.   By notice filed November 17, 2005, the court set a briefing schedule on the motion.  On February 21, 2006, petitioner filed a request for extension of time to file objections, which he withdrew on February 24, 2006. Petitioner filed a notice of appeal and motion for certificate of appealability on the same day, February 24, 2006.

In accordance with relevant provisions of Rule 4(a) of the Federal Rules of Civil Procedure, a notice of appeal must be filed thirty days from entry of the order appealed from. See Fed. R. App. P. 4(a)(1).  When a Fed. R. Civ. P. 60 motion is filed within ten days from entry of an order, the time for filing a notice of appeal from the original order is thirty days from entry of the order resolving the Rule 60 motion.  See Fed. R. App. P. 4(a)(4).

If a request for reconsideration is filed within ten days after entry of judgment, the court may extend petitioner's time to appeal by thirty days.  Fed. R. App. 4(a)(4).  However, petitioner's motion for reconsideration of this court's October 25, 2005 order was not filed within ten days of entry of that order; rather, it was filed on November 14, 2005, 14 days after entry of judgment.

"A motion to alter or amend the judgment shall be served no later than 10 days after entry of the judgment."  Fed. R. Civ. P. 59(e).  On the other hand, a motion on the ground of "mistake, inadvertence, surprise, or excusable neglect" pursuant to Fed. R. Civ. P. 60(b) can be

---

[2] Despite docket entries to the contrary, plaintiff did not file a notice of appeal on November 16, 2005. (Docket Nos. 21, 22.)  The document appended to the docket entry dated November 16, 2005 is a copy of petitioner's November 14, 2005 application for reconsideration and was initially misdocketed as a notice of appeal. (Docket No. 22.)

made "within a reasonable time, and . . . not more than one year after the judgment, order, or proceeding was entered or taken." Fed. R. Civ. P. 60(b).  While a timely Rule 59 motion tolls the time for filing a notice of appeal, a motion under Rule 60(b) has no such effect.  See <u>United States v. Nutri-Cology, Inc.</u>, 982 F.2d 394, 397 (9th Cir.1992); <u>see also</u> <u>Taylor v. Knapp</u>, 871 F.2d 803, 805 (9th Cir.) (appeal from denial of a Rule 60 motion "brings up for review only that denial and not the underlying judgment"), <u>cert. denied</u>, 493 U.S. 868 (1989).  Furthermore, the time for filing a notice of appeal is jurisdictional.  See <u>Intel Corp. v. Terabyte Int'l, Inc.</u>, 6 F.3d 614, 617-18 (9th Cir.1993).

      Since a Rule 60 motion does not extend the time for filing a notice of appeal, petitioner's February 24, 2006 notice of appeal is timely only with respect to the court's denial of the motion to reconsider and not as to the earlier judgment.  See <u>Nutri-Cology</u>, 982 F.2d at 986-87; <u>Taylor</u>, 871 F.2d at 805; <u>see also</u> Fed.R.Civ.P. 59(e); 60(b).  Therefore, this court may only provide a certificate of appealability as it pertains to the denial of petitioner's motion for reconsideration.  See <u>Intel Corp.</u>, 6 F.3d at 617-18.  Before petitioner can appeal that decision, a certificate of appealability must issue.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

      A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue.  Fed. R. App. P. 22(b).

      For the reasons set forth in the magistrate judge's December 21, 2005 findings and recommendations, petitioner has not made a substantial showing of the denial of a constitutional right.  Accordingly, a certificate of appealability should not issue in this action.

      In accordance with the above, IT IS HEREBY ORDERED that:

      1. Petitioner's February 24, 2006 notice of appeal the underlying judgment is denied as untimely; and

3

1  2. Petitioner's February 24, 2006 motion for a certificate of appealability as to the
2 court's denial of petitioner's motion for reconsideration is denied.
3 Dated: April 11, 2006

```
                                /s/ Garland E. Burrell, Jr.
                                GARLAND E. BURRELL, JR.
                                United States District Judge
```